STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JARED S. BUSZIN (NYBN 5285838)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7199
    FAX: (415) 436-7234
    Jared.Buszin@usdoj.gov

Attorneys for United States of America

```
                                    FILED

                                  Nov 15 2022

                                 Mark B. Busby
                          CLERK, U.S. DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
                              SAN FRANCISCO
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 22-cr-389-RS** |
|     Plaintiff, | **[PROPOSED] DETENTION ORDER** |
|     v. | |
| LUIS CRUZ,<br>    a/k/a "Luis Arias," | |
|     Defendant. | |

On October 4, 2022, defendant Luis Cruz, a/k/a Luis Arias, was charged by indictment with seven counts of distribution and/or possession with intent to distribute various controlled substances, in violation of 21 U.S.C. § 841(a)(1).

This matter came before the Court on October 28, 2022, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Daniel Blank. Assistant United States Attorney Jared Buszin appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of

conditions will reasonably assure the appearance of the person as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.  Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its conclusion:

Although defense counsel presented a potential surety for the defendant and proposed ordering that the defendant be released to a custodian and subject to location monitoring, the Court finds that he is at risk of flight and there are no conditions or combination of conditions sufficient to reasonably assure that the defendant will appear in court as required.  While the defendant appears to have spent his adult life in the Bay Area, and he does have ties here, he is facing potentially significant prison time if convicted, and he also has strong family ties to his native Honduras.  The defendant therefore has an incentive to flee, a place to go, and family who would welcome him there.  This makes him a flight risk. Furthermore, given the facts presented in the parties' briefing and the defendant's prebail report, the Court concludes that detention is necessary to reasonably assure the safety of others and the community. Fentanyl is a deadly drug, and the sheer quantity of it that the defendant had in his possession when he was arrested is alarming.  It shows he was prepared to introduce significant quantities of this deadly drug into the community.  This demonstrates a depraved indifference to human life, and if this conduct were to continue on pretrial release, it would be too much danger for the community.  Further, the defendant was convicted of a narcotics offense earlier this year, and he was on probation and GPS location monitoring when the alleged conduct happened.  This demonstrates that he did not learn anything from his conviction and that he did not take his probation seriously.  In light of this conduct, it seems unlikely that he would comply with any conditions of release.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.       The defendant be, and hereby is, committed to the custody of the Attorney General for

1  confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

2  sentences or being held in custody pending appeal;

3      2.      The defendant be afforded reasonable opportunity for private consultation with counsel;

4  and

5      3.      On order of a court of the United States or on request of an attorney for the government,

6  the person in charge of the corrections facility in which the defendant is confined shall deliver the

7  defendant to an authorized United States Marshal for the purpose of any appearance in connection with a

8  court proceeding.

9      IT IS SO ORDERED.

10  DATED:  November 15, 2022

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge

[PROPOSED] DETENTION ORDER          3
22-cr-389-RS