UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LUIS CRUZ,<br><br>    Defendant. | Case No. 22-cr-00389-RS-1<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

## I. INTRODUCTION

Defendant Luis Cruz moves for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and requests the appointment of counsel. Cruz is in the custody of the Bureau of Prisons at FCI Mendota in Wayne County, Pennsylvania, and his expected release date is August 3, 2028. On July 25, 2023, Cruz was sentenced to an 84-month prison term to be followed by a five-year term of supervised release after pleading guilty to various drug-related offenses. Cruz appears to base the instant motion on Part B of Amendment 821 to the Sentencing Guidelines, which provides for a two-offense-level reduction for certain offenders with zero criminal history points.[1] The Government opposes Cruz's motion. The motion for sentence reduction is denied and the request for appointment of counsel is denied as moot.

---

[1] The Government suggests Cruz may have intended to base his motion on Part A of Amendment 821, but argues he is not entitled to relief under this Part either should his motion be so construed.

## II.  DISCUSSION

### A.  Jurisdiction

The Government argues this Court "lacks jurisdiction over Cruz's motion to modify his sentence because he has a pending direct appeal." Dkt. 59, at 2. At the time the Government responded to Cruz's motion, Cruz's appellate counsel had not yet filed his opening brief such that it was unclear what issues were being appealed. *See United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002) (noting general rule that a "district court is divested of jurisdiction over the matters being appealed"). Assuming (without deciding) the Government is correct, Federal Rule of Criminal Procedure 37 addresses what happens when a "timely motion is made for relief that the court lacks authority to grant" because of a pending appeal. Specifically, the court can "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Rule 37 applies to motions brought pursuant to 18 U.S.C. § 3582(c). *See* Fed. R. Crim. P. 37 advisory committee's notes to 2012 adoption. Thus, district courts may deny motions over which they may lack jurisdiction during a pending appeal. *See, e.g.*, *United States v. Velazquez*, No. CR-12-00877-004-PHX-NVW, 2020 WL 5846612, at *3 (D. Ariz. Oct. 1, 2020); *United States v. Hirano*, No. 99-00465 JAO, 2022 WL 1540230, at *3 (D. Haw. May 16, 2022). For the reasons below, denial of the motion is appropriate.

### B.  Amendment 821 to the Sentencing Guidelines

Pursuant to 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment where the sentencing range under which the defendant was sentenced has since been lowered by the Sentencing Commission. Amendment 821 to the Sentencing Guidelines took effect on November 1, 2023, and Parts A and B of Amendment 821 may be applied retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d). That said, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B); *see Dillon v. United*

*States*, 560 U.S. 817, 826 (2010) (finding § 1B1.10 binding such that a court may not reduce a sentence where reduction would be inconsistent with § 1B1.10).

No sentence reduction is warranted here. First, Part B of Amendment 821 provides for a two-offense-level reduction for certain offenders who did not have any criminal history points under Section 4A1.1 at the time of their offense. *See* U.S.S.G. § 4C1.1(a)(1) (Nov. 1, 2023). Cruz, however, had four criminal history points at the time of his offense, and so no two-level offense level reduction under the revised Part B is warranted.

Second, under Part A of Amendment 821, the Sentencing Guidelines applicable when Cruz was sentenced provided that two "status points" would be added to a defendant's criminal history total where a defendant committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (Nov. 1, 2015), *amended by* Amendment 821. Amendment 821 modifies the Sentencing Guidelines such that now, just one status point is added where a defendant otherwise has seven or more criminal history points, and no points are added where a defendant has fewer than seven points. U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Cruz was in criminal history category III at sentencing based on a total of six criminal history points, two of which were status points. Applying the revised Sentencing Guidelines (and subtracting the two status points that were added under the previous Sentencing Guidelines), Cruz would have four criminal history points, which would still place him within criminal history category III. Since neither Parts of Amendment 821 would have the effect of lowering Cruz's applicable guidelines range, a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is not authorized. *See* U.S.S.G. § 1B1.10(a)(2)(B).

## III. CONCLUSION

Cruz's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is denied, and his request for appointment of counsel is denied as moot.

**IT IS SO ORDERED**.

Dated: April 11, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER
CASE NO. 22-cr-00389-RS-1

4